UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

DIANA HALPER,                                    Docket No.

                    Plaintiff,

      -against-                                **COMPLAINT**

                                          **JURY TRIAL DEMANDED**

WILLIAM H. KOPKE, JR., INC..,

                    Defendants.

------------------------------------------------------------X

Plaintiff, DIANA HALPER, (herein referred to as "Plaintiff"), by her attorneys, the Law Offices of Jason Abelove, P.C. alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action against William H. Kopke, Jr., Inc., (hereinafter referred to as "Defendant"), to recover damages for violations of state and federal wage and hour laws and retaliation arising out of Plaintiff's employment with Defendant.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in the amount exceeding $150,000.00. Plaintiff also seeks interest, attorneys' fees, costs and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §1391(b) because at least one defendant resides in this district.

6. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 and 2202.

## THE PARTIES

7. At all relevant times, Plaintiff is and was an individual residing in the State of New York, County of Queens.

8. Upon information and belief, Defendant is a domestic corporation, duly licensed to do business in the state of New York, with a principle place of business at 1000 Northern Boulevard, Suite 200, Great Neck, New York in the state of New York, County of Nassau.

9. During all relevant times herein, Defendants were Plaintiff's "employers" within the meaning of the FLSA and NYLL.

10. Defendant is an importer of fruits from all over the world for distribution throughout North America. As a leading importer of fresh fruit from around the globe, the company continues to focus on importing products from overseas throughout the United States and Canada. Defendant supplies national, regional and local supermarkets throughout the continent as well as high end wholesalers and food service distributors.

11. Accordingly, Defendants are, at present and have been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

12. Plaintiff was employed as an a "Sales Support" employee from November 26, 2018 - July 26, 2020.

13. Commencing on July 29, 2019 through her constructive termination on July 3, 20202, Plaintiff was working as an Executive Assistant/Sales Support employee.

14. She was paid $60,000.00 per year from November 26, 2018 - January, 2020.  From January 2020 - July 3, 2020, she was paid $70,000.00 per year.

15. Between November 26, 2018 and June 30, 2019, Plaintiff worked Monday - Friday from 8:00 a.m. - 6:00 p.m.  (10 hours per day).  She also worked sporadically on Saturdays.

16. She received no overtime pay for any hours worked in excess of 40 hours per week.

17. Starting on or around January 5, 2019, she began working Saturdays on average between 8:00 a.m. and 12:00 p.m.  She received no additional compensation for these hours.

18. In or around July 1, 2019, Plaintiff changed teams within Defendants offices.

19. Her hours expanded such that her typical day was 7:30 a.m. - 6:30 p.m. Monday through Friday, and she was "on call" weekends, working no less than four hours per Saturday.

20. From November, 2019 through the end of her employment on July 3, 2020, Ms. Halper worked at least five hours every Saturday.

21. For most of her employment, there was no mechanism to track employee hours.

22. Beginning in or around June, 2019, the company implemented a time clock system.

23. However, it was regularly reported by Plaintiff and others to Defendant that the time clock did not work properly. The machine was routinely off from the actual time by at least 15 minutes. Moreover, sometimes the system was not "live" and operational and it would take several hours before it could be used. On other occasions, the time clock did not work at all.

24. In addition, Plaintiff was regularly required to work from home during her "off hours" and no mechanism was in place for tracking her time.

25. Plaintiff was uncompensated for

26. Plaintiff was uncompensated for over 1,500 hours of scheduled work that she should have received the overtime rate of $43.27 per hour for the period of time she was paid $60,000.00 per year and $50.29 per hour for the period of time she was paid $70,000.00 per year.

27. Plaintiff is owed no less than $70,000.00 for these unpaid hours.

28. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants are required to keep under the FLSA and NYLL.

29. Accurate copies of Plaintiff's wage and time records that Defendant were required to keep pursuant to 29 USC §211, 29 CFR §516, NYLL §195, 12 NYCRR §142.2-6 are incorporated herein by reference.

30. Defendants failure to pay overtime was "willful".

31. Further, Plaintiff was not provided with the notice(s) required by NYLL §195(1) by Defendants.

32. Upon information and belief, Defendants failed to display federal and state minimum wage/overtime posters.

33. Defendants failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

34. Plaintiff made regular complaints over the final months of her employment regarding the violations of law by not receiving overtime.

35. In fact, on or about June 25, 2020 Plaintiff's counsel wrote to Defendants demanding overtime compensation.

36. After receiving this letter, Defendants cancelled Plaintiff's scheduled time off during the July 4th holiday weekend and demanded she work the entire weekend with no additional compensation.

37. Plaintiff resigned her position as the retaliation continued.

38. Defendants did not pay Plaintiff time and a half (1.5) for all hours worked over forty (40) hours per week, a violation of the overtime provisions of the FLSA and NYLL.

39. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory and liquidated damages in an amount exceeding $150,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FIRST CAUSE OF ACTION

### Overtime Wages Under the Fair Labor Standards Act

40. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

41. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

42. At all times relevant to this action Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

43. At all times relevant to this action Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

44. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of and 207(a)(1).

45. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

46. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants her unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION

### Overtime Wages Under New York Labor Law

47. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

48. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

49. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

50. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid overtime wages and an amount equal to her unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION

### NEW YORK LABOR LAW §§ 190, 191, 193, 195 AND 198

51. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

52. At all times relevant to this action, Plaintiff was employed by Defendants, individually and/or jointly, within the meaning of the New York Labor Law, §§190 et seq., including §§191, 193, 195 and 198 and the applicable regulations thereunder.

53. Defendants, individually and/or jointly, violated and willfully violated NYLL §190 et seq., including §§191, 193 and 198, by failing to pay Plaintiff all the unpaid non-overtime wages, and overtime wages, and unlawful wage deductions, Plaintiff was entitled to within the time required by NYLL §§191, 193 and 198.

54. At all times relevant herein, Defendants, individually and/or jointly failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL §195(1) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL §198 including NYLL §198(1-b), as well as an injunction directing Defendants to comply with NYLL §195(1).

55. At all times relevant herein Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL §195(3) - Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL §198 including §198(1-d), as well as an injunction directing Defendants to comply with NYLL §195(1).

56. Due to Defendants' New York Labor Law Article 6 violations including violation of §§191, 193 and 198, Plaintiff is entitled to recover from Defendants, individually and/or jointly, his entire unpaid wages, including his unpaid non-overtime/minimum wages, overtime wages, unlawful wage deductions, maximum liquidated damages, including maximum liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §§195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to New York Labor Law §190 et seq. including §198.

## FOURTH CAUSE OF ACTION

### Spread of Hours Compensation Under New York Labor Law

57. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58. Defendants willfully violated Plaintiff's rights by failing to pay Plaintiff an additional hour of pay at minimum wage for each day worked more than ten (10) hours, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Labor Law §§650 et seq.; 12 N.Y.C.R.R. §142-2.4.

59. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants her unpaid spread of hour compensation, reasonable attorneys' fees, and cost of the action, pursuant to N.Y. Labor Law §663(1).

## FIFTH CAUSE OF ACTION

### Unpaid Wages Under the Fair Labor Standards Act

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. Defendants willfully failed to pay Plaintiff wages for hours worked in violation of 29 U.S.C. §206(a).

62. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

63. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated

damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION

### Unpaid Wages Under the New York Labor Law

64. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

65. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

66. Defendants failed to pay Plaintiff's wage and hours worked in violation of New York Labor Law Article 6.

67. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest according with NY Labor Law §198(1-a).

## SEVENTH CAUSE OF ACTION

### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

68. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

## EIGHTH CAUSE OF ACTION

### Violation of the Wage Statement Requirements of the New York Labor Law

70. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

71. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3).

## NINTH CAUSE OF ACTION

### Retaliation

72. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

73. Over the past weeks of her employment, Plaintiff regularly complained to her employers regarding their failure to pay overtime.

74. In retaliation for these complaints, Plaintiff's employment was constructively terminated.

75. As a result of this illegal retaliation, Plaintiff is entitled to back pay, front pay, punitive damages and attorneys' fees in an amount according to proof at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiff's rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiff unpaid overtime wages;

c. Awarding Plaintiff unpaid minimum wages;

11

    d.      Awarding Plaintiff unpaid spread of hours compensation;

    e.      Awarding Plaintiffs unpaid wages;

    f.      Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

    g.      Awarding Plaintiff prejudgment and post-judgment interest;

    h.      Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and

    i.      Awarding such and further relief as this Court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Garden City, New York
July 22, 2020

LAW OFFICES OF JASON L. ABELOVE, P.C.

_____/s_____
Jason L. Abelove
*Attorney for Plaintiff*
666 Old Country Road, Suite 303
Garden City, New York 11530
516-222-7000