LAW OFFICES OF
# JASON L. ABELOVE, P.C.
666 OLD COUNTRY ROAD
SUITE 303
GARDEN CITY, NEW YORK 11530

TELEPHONE: 516-222-7000  
E-MAIL: jason@jasonabelove.com

FACSIMILE: 516-542-2001  
W WW.JASONABELOVE.COM

January 8, 2021

**VIA ECF**
Hon. Sandra J. Feuerstein
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

  Re: Halper v. William H. Kopke Jr., Inc. l
     Docket No. 2:20-cv-03286-(SJF)-(SIL)

Dear Hon. Judge Feuerstein;

  This office represents the Plaintiff, Diana Halper in the above referenced matter and writes to advise the Court that the parties have agreed to resolve Plaintiff's claims, as set forth in the negotiated Settlement Agreement and Release ("Agreement"), which is annexed hereto. As set forth below, the Agreement represents a fair and reasonable resolution of this matter, based on the facts, law, and likelihood of monetary recovery. Defendants consent to this application. The parties respectfully request that the Court approve and So Order the Agreement. This Agreement has been carefully tailored to assure that it is fair and reasonable in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2nd Cir. 2015).

## BACKGROUND AND CLAIMS

  Critically, the Parties have several key disputes that impact the amount of recovery and liability in this lawsuit. The Complaint alleges that Plaintiff was employed by Defendants as a sales assistant from November 26, 2018 - July 3, 2020. Plaintiff alleges that for much of her employment, Defendants had no formal mechanism for tracking her time. Beginning in June, 2019, through the remainder of her employment, Defendants implemented a time clock system, however, Plaintiff alleges it did not work.

  The Complaint alleges that between November 26, 2018 and June 30, 2019, Plaintiff worked Monday - Friday from 8:00 a.m. - 6:00 p.m. (10 hours per day). She also worked sporadically on Saturdays. In or around July 1, 2019, her hours expanded such that her typical day was 7:30 a.m. - 6:30 p.m. Monday through Friday, and she was "on call" weekends, working no less than four hours per Saturday. The complaint alleges that Plaintiff was uncompensated for over 1,500 hours of scheduled work that she should have received the overtime rate of $43.27 per

hour for the period of time she was paid $60,000.00 per year and $50.29 per hour for the period of time she was paid $70,000.00 per year.

Defendants contest that any violations occurred. Defendants argue that Plaintiff was an exempt employee, and thus was not entitled to any overtime pay. In the alternative, Defendants argue that Plaintiff was paid for all hours worked. In support of its contention, Defendants provided pay records reflecting Plaintiff's wages paid as well as hours worked. Defendants allege that these time records reflect all overtime hours worked in excess of forty (40) hours per week and that Plaintiff was paid at one and one-half times her regular hourly rate for all overtime hours for those weeks of overtime worked. Additionally, Defendants deny that Plaintiff is entitled to liquidated damages under the FLSA, because the manner in which Plaintiff was paid by Defendant was established in good faith and based upon reasonable grounds that the pay arrangement was not in violation of federal or state law. Thus, the parties' respective positions evince substantial risks for both parties at trial which could impact the amount of Plaintiff's recovery and could result in a loss at trial by either party.

## SETTLEMENT

After extensive settlement discussions and a full day Court ordered mediation, the parties were able to successfully resolve the FLSA cause of action for $6,300.00, including attorneys' fees. The settlement accounted for a resolution of disputes over whether Plaintiff worked overtime, the amount of overtime hours, and the amounts she was paid.

Given the above, and the early nature of the settlement, Plaintiff and her counsel believe that the $6,300.00 settlement for the FLSA cause of action is a fair compromise to resolve this matter before discovery commences in earnest and without subjecting all parties to the time and expense of extensive depositions, motion practice, trial and even appeal.

Also, each settling party is represented by counsel experienced in wage and hour practice. The parties believe that the certainty of settlement, with guaranteed payments, is better than the uncertain outcome of protracted litigation, and Plaintiff prefers to begin receiving proceeds without the inevitable delay and significant risks that continued litigation will entail.

## COUNSEL FEES[1]

Under the settlement agreement, Plaintiff's counsel is due to receive a total of $2,100.00. This includes Plaintiff's legal fees and expenses (the filing and service of the complaint and other expenses (totaling $972.00). Per the retainer agreement, Plaintiff's counsel is entitled to $2,520.00 in fees plus expenses, however, under this agreement, Plaintiff counsel is accepting $2,100.00 for its fees and expenses.[2] See *Venegas v. Mitchell*, 495 U.S. 82, 89-90

---

[1] For the purposes of this settlement only, Defendants take no position with respect to the reasonableness of opposing counsel's request for attorneys' fees.

[2] Plaintiff' Counsel's retainer rate is $450 and the retainer agreement with Plaintiff states in relevant part as follows:
The amount of Attorney's contingency fee will be the greater of:

(1990). *See also Fisher v. SD Prot. Inc.*, 948 F.3d 593, 605 (2d Cir. 2020)(relying on "the text and purpose of the FLSA, as well as longstanding case law interpreting other similar fee-shifting statutes in the civil rights context," in applying the FLSA under Cheeks. – such longstanding case law includes the application of *Venegas* which holds that fees that a plaintiff owed his counsel is governed by the retainer agreement and not by statutory fee-shifting provisions).

Plaintiff's counsel has 25 years of experience practicing in the area of Labor and Employment, trying numerous cases in the Eastern District of New York as well as the Supreme Courts County of Nassau, Suffolk, Kings and Queens. I have obtained successful verdicts in the matters of *Perks v. Town of Huntington, Calabro v. Nassau County Medical Center, Meder v. Department of Education*, and *Vanacore v. Expedite* in the Eastern District alone. Plaintiff's counsel has also argued significant cases before the Second Circuit and Second Department. Accordingly, Plaintiff's request for fees is appropriate and should be approved.

## THE COURT SHOULD FIND THE PROPOSED SETTLEMENT FAIR AND REASONABLE

An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (quoting *Crabtree v. Volkert, Inc.*, No. 11-0529-WS-B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013)). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig.*, No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is an adequate indicator of fairness of settlement). "In considering a FLSA settlement submitted for approval, courts must consider whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S, Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of the circumstances, including the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties (4) whether "the settlement agreement is

---

(a) A reasonable percentage fee which is 40% of all sums recovered on Client's behalf; or (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below times the number of hours spent by the Attorney on Client's behalf; or (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion. *Wolinsky, supra* at 335.

*Plaintiff's Range of Possible Recovery*

If Plaintiff prevailed, her damages could be as high as $70,000.00, inclusive of liquidated damages. If Defendants prevail, the value of the Plaintiff's claim is $0.00. As such the proposed settlement represents a fair compromise of the Plaintiff's claims given the arguments presented. It will also enable Plaintiff to avoid anticipated burdens and risks in going forward.

If the settlement has any purpose at all, it is to avoid a trial on the merits because of the uncertainty of the potential outcome. *Morris v. Affinity Health Plan*, 859 F. Supp. 2d 611, 620 (S.D.N.Y. 2012). In weighing the risks establishing liability and damages, the Court "must only 'weigh the likelihood of success by the plaintiff...against the relief offered by the settlement.'" *Sewell v. Bovis Lend Lease, Inc.*, No. 09 Civ. 6548, 2012 WL 1320124, at 8* (S.D.N.Y. Apr. 16, 2012). In light of the totality of the circumstances, the settlement represents a reasonable compromise of the *bona fide* disputes in this matter. The settlement eliminates risks and ensures that the plaintiff will recover her damages almost immediately.

*Whether the Settlement Agreement is the Product of Arm's Length Bargaining*

A "presumption of fairness, adequacy and reasonableness may attach to a ...settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. U.S.A., Inc.*, 396 F.3d 96, 116 (2d Cir. 2005) (internal quotations omitted). The parties engaged settlement discussions both with counsel and at a AAA mediation where all parties were present. Because the settlement involves a clear *bona fide* wage dispute in contested litigation, which was resolved through an arm's-length settlement process, it should be granted judicial approval.

*Possibility of Fraud or Collusion*

There is no possibility that this settlement was precipitated by reason of "overreaching" by the employer. To the contrary, the settlement was the result of vigorous arm's-length negotiations and a Court ordered full day mediation. The Parties are represented by counsel experienced in wage and hour law who duly counseled their respective clients on the benefits and risks of continued litigation. "Absent fraud or collusion, [courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 05 CIV 10240, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007). Here, the settlement was reached after the Parties were able to fully evaluate the strengths and weaknesses of the claims and defenses presented in the case. At all times, negotiations took place between experienced counsel and were at arm's-length before an experienced mediator. Thus, there was no fraud or collusion between counsel and as such, the Agreement should be approved.

## **CONCLUSION**

For the reasons set forth above, the parties jointly request that the Court approve the settlement.

I thank the Court for its attention to this matter.

Very truly yours;

/s
Jason L. Abelove

JLA/sc

cc: All ECF Counsel